UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PATRICIA McCURRY,

Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

Defendant.

Case No. 2:16-cv-00191-RFB-PAL

**AMENDED ORDER**

(Mot Reconsider – ECF No. 65)

Before the court is Defendant Ocwen Loan Servicing, LLC's Motion for Reconsideration Regarding Order on Motion for Relief from Admissions (ECF No. 65). The court has considered the motion, plaintiff's Response (ECF No. 66), and Ocwen's Reply (ECF No. 67). This Amended Order corrects typographical and editing errors.

## **BACKGROUND**

The Complaint (ECF No. 1) in this case was filed on February 1, 2016. It is an action for damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681. Plaintiff alleges the defendants erroneously reported derogatory credit information to national reporting agencies, and failed to properly investigate plaintiff's disputes, damaging plaintiff's credit worthiness. Complaint (ECF No. 1) ¶¶ 2, 3. Defendant Ocwen is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly furnishes information to a consumer credit reporting agency in the ordinary course of business. *Id.* ¶ 13.

On October 27, 2009, plaintiff filed for Chapter 13 bankruptcy protection in the District of Nevada. *Id.* ¶ 20. The furnisher defendants were scheduled in the bankruptcy and each or its predecessor in interest received notice of the bankruptcy. *Id.* ¶ 21. The bankruptcy court confirmed the plaintiff's Chapter 13 plan. *Id.* ¶ 22. Plaintiff made all payments required under the terms of the confirmed Chapter 13 plan. *Id.* ¶ 13. Plaintiff sought the bankruptcy court's

assistance in negotiating the terms of her debts. *Id.* ¶ 24. The delinquency and repayment terms of plaintiff's debt to each furnisher defendants were ordered by the court under the Chapter 13 plan, "not as they had existed prior to the bankruptcy filing." *Id.* On February 13, 2015, after completing all payments required under her Chapter 13 plan, the plaintiff received a discharge which included debts to the furnisher defendants. *Id.* ¶ 27. While plaintiff made timely payments pursuant to her court-ordered Chapter 13 plan, any post-bankruptcy derogatory reports were both inaccurate and illegal absent court orders to the contrary. *Id.* ¶ 28. Any delinquency based on pre-bankruptcy terms was similarly "moot" because although the debt continued to exist, the terms and schedule of repayment, and timeliness of repayment depended solely on the Chapter 13 plan and payments made through the Chapter 13 plan. *Id.* ¶ 29.

The defendants either reported or caused to be reported inaccurate information after the bankruptcy. *Id.* ¶ 30. Adverse information reported by defendants was based on improper enforcement and reporting of pre-bankruptcy obligations. *Id.* ¶ 32. The furnisher defendants also failed to comply with the Consumer Data Industry Association's Metro 2 Reporting Standards which provide guidance for credit reporting and FCRA compliance. *Id.* ¶ 33.

Plaintiff obtained a copy of her Equifax and Experian consumer reports dated June 3, 2015, which contained multiple inaccuracies. *Id.* ¶ 41. Ocwen inaccurately reported to Equifax that the plaintiff's account was 180 days past due for the period from April 2013, through March 2015, and that she maintained a balance on the period from June 2013, through March 2015. *Id.* ¶ 46. Ocwen inaccurately reported to Experian that plaintiff's account was 180 days past due from April 2010 through August 2011, October 2011 through April 2012, June 2012 through November 2012, and January 2013 through January 2015, 150 days past due from March 2010, 90 days past due for January and February 2010, and 60 days past due for December 2009. Ocwen reported account balances from June 2013 through March 2015. *Id.* ¶ 47. Plaintiff made all payments pursuant to her Chapter 13 plan during that period and received a discharge for the account. *Id.* ¶ 48. Therefore, any reports of past due payments after her bankruptcy filing were inaccurate. *Id.*

On July 24, 2015, plaintiff disputed the furnisher defendants' reported information regarding her alleged dates by notifying Equifax and Experian in writing of the incorrect and

inaccurate credit information they furnished. *Id.* ¶ 51. The defendants failed to conduct reasonable investigations as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongfully verified inaccurate information in connection with plaintiff's credit reports. *Id.* ¶ 61. Defendants failed to review all relevant information provided by plaintiff in the disputes to Equifax and Experian in violation of 15 U.S.C. § 1681s2(b)(1)(B). *Id.* ¶ 62. Defendants knew or should have known that the original report was inaccurate based on plaintiff's dispute letter and/or the public record of the bankruptcy. *Id.* ¶ 63. Defendants' failures to reasonably investigate and correct and update plaintiff's information caused continued reporting of inaccurate information. *Id.* ¶ 64. The defendants' continued inaccurate and negative reporting was willful. *Id.* ¶ 66. Plaintiff has suffered actual damages including credit denials, out-of-pocket expenses in challenging defendants' wrongful representations, damage to her credit worthiness, and emotional distress. *Id.* ¶ 67.

As a result, plaintiff seeks an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); costs of litigation and reasonable attorney's fees allowed by statute; and any other relief the court may deem just and proper.

Settlements were reached with a number of defendants before Ocwen made its initial appearance. Counsel submitted a proposed discovery plan and scheduling order proposing a standard 180-day plan in compliance with LR 26-1(e), measured from the date of the first defendant's appearance. The court approved the plan which established an August 23, 2016 discovery cutoff, and other deadlines consistent with LR 26-1(e). *See* Stipulation (ECF No. 17) and Order (ECF No. 18). The court set the matter for a status conference the date Ocwen made its first appearance and gave counsel two weeks from the date of the hearing to conduct the Rule 26(f) conference, make their initial disclosures, and submit any proposed stipulation or request to adjust the existing discovery plan and scheduling order deadlines. *See* Minutes of Proceedings (ECF No. 39). The parties requested and received a 90-day extension of the discovery plan and scheduling order deadlines. See Stipulation (ECF No. 40) and Order (ECF No. 41).

On July 14, 2016, Ocwen filed a Motion for Relief from Admissions (ECF No. 37). The motion requested that Ocwen receive relief from its failure to respond to written discovery and

requests for admissions served by plaintiff on March 29, 2016. Ocwen represented that, because it was in settlement discussions with plaintiff, it failed to respond to the written discovery. Although plaintiff was amenable to providing an extension of time for response to the interrogatories and requests for production of documents, plaintiff refused to permit Ocwen to respond to the request for admissions, deeming them admitted. Ocwen therefore sought relief pursuant to Rule 36(b) arguing that if the admissions were allowed to stand, it would "potentially preclude a trial on the merits of the Plaintiff's credit reporting claim." Additionally, if deemed admitted, they would "result in the admission of facts which discovery has proven, or will prove, to be demonstrably untrue." The motion argued that Ocwen had made an adequate showing of the two-prong test entitling it to Rule 36(b) relief.

The court set the motion for hearing on August 16, 2016. After reviewing the moving and responsive papers and hearing arguments of counsel, the court orally ruled from the bench. The court granted Ocwen limited relief granting in part and denying in part the motion for relief from admissions. The court granted the motion with respect to admissions 29 through 31, but denied it in all other respects. A Minute Order prepared by the undersigned's courtroom deputy memorialized the court's ruling.

In the current motion, Ocwen seeks reconsideration pursuant to LR 59-1 of the order asserting "two specific admissions that should have been included in the relief, Request for Admissions Nos. 17 and 18, were not addressed." Request No. 17 asked Ocwen to admit that it "furnished inaccurate information to Experian in connection with the OCWEN account." Request for Admission No. 18 asks Ocwen to admit that it "furnished inaccurate information to Equifax in connection with the OCWEN account." Ocwen argues that plaintiff conceded at the hearing that it had not suffered legal prejudice by having to prove its case. More importantly, Ocwen argues that these two admissions are directly contradicted by Ocwen's business records which indicate that on August 7, 2015, after receiving plaintiff's dispute, Ocwen corrected and reported back to the credit bureaus. An Automated Credit Dispute Verification Response updated plaintiff's credit report to show a zero balance with zero past due. A copy of this document is attached as Exhibit C to the motion. Ocwen therefore asks the court to reconsider "its prior Minute Order and provide

relief on these two admissions, consistent with its prior finding that the admissions deemed admitted would not subserve OCWEN's defense of this matter."

Plaintiff opposes the motion arguing it should be denied because it is untimely and Ocwen unreasonably delayed filing it. Fed. R. Civ. P. 60(b) requires a motion for reconsideration to be brought within a "reasonable time." Ocwen has not shown a "mistake, inadvertence, surprise, or excusable neglect . . . [or] newly discovered evidence that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b)." The motion was not filed for more than 240 days after the court's ruling. Summary judgment motions were fully briefed six months ago. Ocwen should have brought the motion "before with its opposition to the motion for summary judgment." Allowing relief at this late date "corrupts the entire judicial process, is wholly unreasonable, and literally requires a back-track to the beginning of this matter."

Ocwen has not provided a single explanation or justification for its 8-month delay in filing the motion. Therefore, the doctrine of latches should bar relief. Additionally, plaintiff argues Ocwen mischaracterized her opposition to the motion for relief from admissions and the undersigned's minute order. Plaintiff did not agree to the relief that Ocwen is now seeking. Rather, in oral argument, plaintiff's counsel requested that all of the unanswered requests for admissions be deemed admitted. During oral argument, the only requests for relief from admissions that plaintiff's counsel did not vehemently oppose were Requests for Admissions Nos. 29-31 which addressed Ocwen's willfulness, and plaintiff's damages. Plaintiff's counsel agreed these issues should be left for the jury rather than for the court to determine. Plaintiff asks that the court affirm its prior order and find that Requests for Admissions Nos. 17 and 18 are deemed admitted.

Plaintiff asserts that Ocwen has failed to comply with the federal and local rules on multiple occasions, such as its failure to meet and confer, and failure to meaningfully participate in this case and with the discovery process. Allowing Ocwen to withdraw its Admissions to Requests Nos. 17 and 18 would be hugely prejudicial to the plaintiff. Ocwen "takes no umbrage with RFAs 1 through 16" which include multiple admissions, and allowing relief from admissions Nos. 17 and 18 would undermine the admissions made in RFAs 1-16. Ordinarily, a motion for reconsideration should not be granted in the absence of highly unusual circumstances. There is no newly

discovered evidence. The court did not commit legal error. The result was not unjust. The court could have deemed all of the RFAs admitted, but provided Ocwen relief from Requests for Admission Nos. 29 through 31 "largely based on Plaintiff's Counsel's *sua sponte* offer to withdraw opposition" to those requests. There has been no intervening change in controlling law. Plaintiff acknowledges that Rule 59(e) permits a district court to reconsider and amend a previous order. However, citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), plaintiff argues that Rule 59 is an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources. Finally, plaintiff argues the motion should be denied because Ocwen did not comply with its meet and confer obligations under LR 26-7 before filing the motion.

For all of these reasons, plaintiff requests that the court deny the motion for reconsideration in its entirety, and award plaintiff fees, costs, and any other appropriate sanctions deemed appropriate.

Ocwen replies that this is not a discovery motion that requires a meet and confer prior to filing under LR 26-7. Ocwen "only recently noticed" that Requests for Admission Nos. 17 and 18 and timely moved for reconsideration. Ocwen will defer to plaintiff's counsel's explanation of what was intended at the hearing, and did not intend to mischaracterize any statement made. The motion to reconsider is primarily based on the court's minute order. Evidence directly contradicts Request for Admission Nos. 17 and 18, specifically, the August 7, 2015 Automated Credit Dispute Verification Response form attached as Exhibit C to the motion. Finally, Ocwen argues that failure to provide relief under Rule 36(b) would not promote the merits of this action and would essentially take away Ocwen's defense at trial despite evidence that clearly shows Ocwen did proceed with an investigation of the credit dispute.

## DISCUSSION

**I.    Motion to Reconsider**

Ocwen seeks relief from the court's August 16, 2016 order granting in part and denying in part its Rule 36(b) motion pursuant to LR 59-1 which addresses case-dispositive orders governed by Fed. R. Civ. P. 59 or 60. LR 59-1 provides:

(a) Motions seeking reconsideration of case-dispositive orders are governed by Fed. R. Civ. P. 59 or 60, as applicable. A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity. The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

(b) Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.

LR 59-1 (amended May 1, 2016).

Although the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, district courts have the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See, e.g.*, *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (noting that a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"); *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *see also* LR 59-1. The Ninth Circuit has recognized three circumstances in which reconsideration is appropriate: if the district court (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). This list is not exhaustive as the Ninth Circuit has also noted that "other, highly unusual, circumstances" may warrant reconsideration. *ACandS, Inc.*, 5 F.3d at 1263; *see also WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011) (finding that "where some claims survive a motion to dismiss, the district court, in its discretion, has power to allow an amended complaint even with regard to claims that it earlier dismissed").

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments

7

upon which the court already has ruled." *W. Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005) (citation omitted). The fact that a litigant disagrees with the court's decision does not entitle the litigant to relief—he or she must present a legitimate basis for the court to reconsider its decision. *See, e.g.*, *Backlund*, 778 F.2d at 1388; *Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995).

## II. Withdrawal of Admissions

Rule 36(b) gives the court discretion to permit the withdrawal or amendment of an admission. There are two requirements which must be met before the court will permit an admission to be withdrawn or amended: (1) the presentation of the merits of the action must be subserved; and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *Id.* at 1348. Rule 36(b) is permissive rather than mandatory. *Asea, Inc., v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981). The Ninth Circuit has instructed the district courts to be "cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). However, because of the binding effect of requests for admissions on parties, the provision for withdrawal or amendment under Rule 36(b) provides parties with a potential safe harbor. *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007). The first requirement "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley*, 45 F.3d at 1348.

The second requirement under Rule 36(b) examines whether the party relying on the deemed admissions will be prejudiced by the withdrawal. "The party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. In *Conlon*, the Ninth Circuit held that:

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted.

*Id.* (quoting *Hadley*, 45 F.3d 1348). Inconvenience to the party relying upon an admission does not rise to the level of prejudice that justifies denial of a motion to withdraw. *Conlon* at 623.

The Ninth Circuit has held that "[w]hen undertaking a prejudice inquiry under Rule 36(b), the district courts should focus on the prejudice that the non-moving party would suffer at trial." *Id*. Thus, even reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice under Rule 36(b). Similarly, a party who relies on deemed admissions in choosing not to engage in other discovery cannot, without a further showing, establish prejudice under Rule 36(b). *Id*. This is because the district court has discretion to reopen the discovery if needed and because prejudice under Rule 36(b) "must relate to the difficulty a party may face in proving its case at trial." *Id*.

### III. Analysis and Decision

Ocwen is simply wrong that the court did not address Request for Admissions Nos. 17 and 18 at the August 16, 2016 hearing. As the minutes make clear, the motion for relief was granted to the limited extent that relief was granted with respect to Admissions Nos. 29 through 31, and "DENIED" in all other respects. *See* Minutes of Proceeding (ECF No. 44). A courtroom deputy does his best to summarize the court's ruling, but is not a lawyer. Occasionally, as is the case here, convoluted language was used in the minutes of proceedings indicating "that Plaintiff's Counsel has conceded in this case, finding that the presentation of the merits of the action would be subverved and the Plaintiff is not suffered legal prejudice by having to prove its case with respect to those," referring to Admissions 29 through 31. Counsel for Ocwen was present at the hearing and argued on Ocwen's behalf. If Ocwen's counsel had any question about the court's ruling after receiving the courtroom administrator's summary of the court's order, it had only to order the recording which is immediately available following court hearings in this district. Counsel could also have ordered a copy of the transcript. Apparently, counsel did neither. Counsel for plaintiff correctly points out in opposition to this motion to reconsider, that plaintiff's counsel sua sponte offered to allow Ocwen to withdraw Admissions 29 through 31.

Ocwen's motion is also untimely. It was filed April 24, 2017, long after the close of discovery and long after summary judgment motions were filed and now fully briefed. Ocwen has no explanation at all for why it claims it only recently recognized that the court denied its motion to withdraw admissions to Requests for Admissions Nos. 17 and 18. Plaintiff timely filed a Motion

for Summary Judgment (ECF No. 51) on October 18, 2016. The motion for summary judgment relied upon and attached Ocwen's admissions. Plaintiff's motion for summary judgment pointed out that the court had heard Ocwen's motion to withdraw on August 16, 2016, and held that plaintiff's Requests for Admissions Nos. 1 through 28 were deemed admitted, and Request for Admission Nos. 29 through 31 were withdrawn. A copy of the admissions was attached to the motion for summary judgment. Ocwen filed its Opposition (ECF No. 59) to plaintiff's motion for summary judgment on December 13, 2016. The opposition argued plaintiff has failed to demonstrate standing to bring a Fair Credit Reporting Act claim, that reporting a delinquency during bankruptcy does not violate the FCRA, and the Ocwen furnished accurate loan information. The opposition did not even mention the request for admissions or their legal effect. Plaintiff clearly relied on the requests for admission to support her motion for summary judgment. Thus, the court finds incredible Ocwen's claim that it only recently realized it had admitted Request for Admission Nos. 17 and 18.

The fact that Ocwen did not even mention the legal effect of its admissions in opposition to the motion for summary judgment belies its claim that allowing Admissions to Request Nos. 17 and 18 would "potentially preclude a trial on the merits of the Plaintiff's credit reporting claim."

Having reviewed and considered the matter, the court will deny the motion to reconsider. Ocwen has not established that reconsideration is required based on newly discovered evidence. Ocwen has always had the report it relies upon to assert the facts to not bear out its Admissions to Nos. 17 and 18. Ocwen has not established that the court committed clear error or that the initial decision was manifestly unjust, and does not claim there has been any intervening change in controlling law. Ocwen's attachment of Exhibit C to its motion to withdraw has also not met its burden under Rule 36(b) of establishing that the presentation of the merits of the action will be subserved. Plaintiff, the party who obtained the admissions, would be prejudiced by the withdrawal at this late date. The motion was filed more than 6 months after the close of discovery, more than 9 months after the court's August 16, 2016 ruling, and more than six months after plaintiff filed her motion for summary judgment.

Accordingly,

**IT IS ORDERED** that Defendant Ocwen Loan Servicing, LLC's Motion for Reconsideration Regarding Order on Motion for Relief from Admissions (ECF No. 65) is **DENIED**.

DATED this 22nd day of May, 2017.

                                                    PEGGY A. LEEN
                                                    UNITED STATES MAGISTRATE JUDGE